
CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 16 2016

JULIA C. DUDLEY, CLERK
BY: /s/ M. Hup
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LATRON DUPREE BROWN, <br> Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:16-cv-00268 |
| v. | ) <br> ) | MEMORANDUM OPINION |
| MARTIN KUMER, et al., <br> Defendants. | ) <br> ) <br> ) | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Latron Dupree Brown, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 against three staff of the Albemarle-Charlottesville Regional Jail ("Jail"). This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

The complaint reads as follows:

> Martin Kumer, Eric Gibbons, [and] Randell Keffer refused to phot copy information concerning my on going civil action 7:14cv576[.] [A]s a result I was denied access to courts. (Denial of access)
>
> Martin Kumer, Eric Gibbons, [and] Randell Keffer had me moved to Piedmont Regional Jail on 3-2-16, because I filed a grievance on 2-29-16, concerning the denial of my right to access the courts. (Retaliation)
>
> Martin Kumer, Eric Gibbons, [and] Randell Keffer attempted to have my civil action dismissed by refusing to phot copy civil documents and transferring me without justification. (Civil conspiracy)

I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to

dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).[1]

Plaintiff has alleged only conclusory allegations of denial of access to courts, retaliation, and civil conspiracy, none of which are sufficient to state an actionable claim. See, e.g., Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995); Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994); Godfrey v. Washington Cnty., Va., Sheriff, No. 7:06-cv-00187, 2007 U.S. Dist. LEXIS 60519, at *39, 2007 WL 2405728, at *13 (W.D. Va. Aug. 17, 2007) (Turk, J.). Plaintiff does not have a constitutional right to access grievances, Adams, supra, and thus, the retaliation claim based on filing grievances must fail. Furthermore, Plaintiff fails to describe an actual injury to his access to courts. See, e.g., Christopher v. Harbury, 536 U.S. 403, 415 (2002). Accordingly, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

ENTER: This 16th day of August, 2016.

*/s/ Jackson L. Kiser*
Senior United States District Judge

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

2